IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS ANTITRUST LITIGATION | Lead Civil Action No. 3:18-cv-00718-JAG |
| IN RE: INTERIOR MOLDED DOORS INDIRECT PURCHASER ANTITRUST LITIGATION | Lead Civil Action No. 3:18-cv-00850-JAG |

## **OPINION**

In this case, the defendants, Jeld-Wen, Inc., and Masonite Corporation, have requested the Court to keep portions of the record under seal.[1] Specifically, they ask the Court to prevent the public from seeing documents filed in support of the plaintiffs' motions for class certification. The documents consist of parts of expert witness reports and other exhibits that support the experts' conclusions.

The defendants manufacture and sell interior doors for residences. This case involves an alleged conspiracy to fix prices for those doors. The expert reports and supporting exhibits explain why the plaintiffs believe the defendants got together to fix prices. The papers to be sealed include charts showing prices for doors, emails about the defendants' industry, documents about the defendants' businesses, and deposition testimony relating to the alleged conspiracy.

---

[1] The plaintiffs filed the motions to seal because the defendants designated as confidential certain material the plaintiffs used in their briefs supporting class certification. Practically speaking, the defendants seek to seal the documents. The Court's discussion herein reflects that reality.

1

Courts do their business in public. In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), "the Supreme Court recognized a common law right to inspect and copy judicial records and documents." *In Re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). As this Court has observed, "cases affect more people than just the parties before the Court." *Warnick v. Arrowsmith*, Nos. 3:16-cv-876, 877, 2017 U.S. Dist. LEXIS 109787, at *13 (E.D. Va. July 14, 2017). So courts must tread carefully when asked to hide court records behind opaque curtains.

This case in particular affects the public interest. The cost of doors touches everyone; if the defendants have artificially raised the price of doors, their actions have reached into everyone's pockets. Rents have grown higher, new homes have cost more, home repair costs have gone up. People following this case might ask many questions dealing with the public interest, such as: Why did government regulators allow this to happen? How much extra money did homeowners spend for doors? Why not allow the market to address these prices, instead of litigation? The information the defendants want to seal would help answer those questions, and would inform the discussions the questions would provoke.

Despite the importance of the information to the public, the "right of access to court records is not absolute." *Nixon*, 435 U.S. at 598. A court can "seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235. The Supreme Court has listed some factors to weigh in the balancing test, including "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.*

The defendants have provided the Court with copies of the documents they request it to seal, and, in documents in which they seek partial sealing, they have helpfully highlighted the

2

portions they want to keep secret. The defendants have used different approaches to their requests. Masonite asks the Court to seal relatively fewer documents; Jeld-Wen wants the Court to seal virtually every bit of evidence that refers to something done by its employees. Both defendants seek sealing of historical pricing information.

The defendants primarily argue that disclosure of the information would allow their customers to unfairly gain a business advantage. In this argument, they overstate the potential prejudice to them. For instance, they seek to protect historical pricing data, but much of it reaches back many years. While the records show that different customers negotiated different prices, this can hardly come as a surprise to anyone, and past prices hardly dictate the outcome of today's bidding wars. They also want to seal information about internal discussions dealing with the risks and rewards of price increases. Again, no one expects them not to discuss these things or to analyze the profitability of their pricing decisions.

Other documents they seek to protect deal with corporate expansions that by now have either occurred or failed. The defendants want to seal documents that show how the companies make decisions to cut purchasers a break on pricing. That companies talk about these kinds of things, even at the highest level, is not shocking news, and does not give the defendants' competitors a leg up.

The defendants also want to keep secret certain embarrassing discussions. For instance, Jeld-Wen executives took hard looks at some problems with the quality of their products. All companies have these kinds of problems and try to address them. Both defendants sometimes referred to their customers in unflattering terms, such as bumpkins and fools. From time immemorial people have used these kinds of names for people who thwart their plans. Indeed, lawyers have even applied those monikers (and harsher ones) to judges, and some probably will

do so again after reading this decision. But it is not a shock, and, at best, only mildly embarrassing when these kinds of discussions come out.

Much of what the defendants want to seal is simply mundane. For instance, Jeld-Wen wants to shield this statement by a corporate executive: "We make our money on molded doors, accounts that do not buy a lot of molded doors are not going to generate a lot of EBITDA." Masonite wants to seal information about customers' unhappiness with rising prices. No reason exists to seal corporate executives' quotidian musings.

The public interest demands disclosure of most of the information the defendants want to seal. Historical pricing and discussions about pricing can trigger consideration of an "important historical event," and it is information which the public otherwise has no access to. *Knight*, 743 F.2d at 235. These considerations outweigh the defendants' interest in keeping the information under wraps. For the most part, therefore, the Court will deny the motions to seal.

Several documents do, however, merit protection. A number of papers, and some depositions, contain telephone numbers of people who work for or deal with the defendants. The public has a limited interest in knowing phone numbers, so the parties should redact this information. In addition, Jeld-Wen has requested the Court to seal a reprimand to one of its employees. (Dk. No. 203-3, Lead Civil Action No. 3:18-cv-00718.) The Court will grant the motion to seal this personnel record. Beyond these limited instances, however, the Court will deny the motions to seal.

Counsel for the parties shall work together to file public copies of the documents in this case, with appropriate redactions as discussed above. Public copies of the motions for class certification, with exhibits, shall be filed with the Court on or before October 3, 2020.

An appropriate Order shall issue.

Date: ___3 September 2020___
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge