**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **IN RE: INTERIOR MOLDED DOORS ANTITRUST LITIGATION** | **Lead Civil Action No. 3:18-cv-00718-JAG** |

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**SETTLEMENT APPROVAL**

WHEREAS, an action is pending before this Court styled *In re Interior Molded Doors Antitrust Litigation*, Lead Civil Action No. 3:18-cv-00718-JAG (the "Action");

WHEREAS, Named Plaintiffs Grubb Lumber Co., Inc. and Philadelphia Reserve Supply Company (collectively, "Named Plaintiffs") having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of the Action, in accordance with a Settlement Agreement with Defendants JELD-WEN, Inc. ("JELD-WEN") and Masonite Corporation ("Masonite") (collectively, "Defendants"), which Settlement Agreement sets forth the terms and conditions for a settlement of the Action and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement, and Direct Purchaser Plaintiffs' Motion for Preliminary Settlement Approval and supporting papers thereto; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below.

2.     A hearing (the "Fairness Hearing") shall be held before this Court on _____, 2021, at ___:___ __.m., either virtually or in person at the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219, to determine: (a) whether the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Final Judgment and Order of Dismissal as provided for in the Settlement Agreement should be entered; (c) whether the Court should certify the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

Procedure; (d) whether Plaintiffs' Interim Co-Lead Counsel ("Co-Lead Counsel") and other class counsel are entitled to attorneys' fees and reimbursement of costs and expenses and, if so, in what amount; (e) whether Named Plaintiffs Grubb Lumber and PRSCO are entitled to service awards and, if so, in what amount; (f) whether Plaintiffs' proposed plan of distribution is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; and (g) such other matters as the Court may deem appropriate.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement Agreement, a Settlement Class defined as follows:

> All persons or entities that bought IMDs in the United States between October 19, 2014, to and including December 31, 2018 directly from either Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

4.      Solely for purposes of the Settlement Agreement, the Court preliminarily finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law or fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement Agreement only, Named Plaintiffs are preliminarily certified as class

representatives for the Settlement Class, and the law firms of Boni, Zack & Snyder LLC and Spector Roseman & Kodroff, P.C. are appointed Co-Lead Counsel.

6.      If, for any reason, Final Approval, as defined in paragraph 3 of the Settlement Agreement, does not occur, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain its rights to seek or object to certification of this litigation as a class action under Rule 23, or under any state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation.

7.      Pursuant to the Settlement Agreement, within ten (10) days after Co-Lead Counsel files with the Court the motion papers seeking preliminary approval of the Settlement Agreement, Defendants shall provide notice of the Settlement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

8.      The Court approves, as to form and content, the Notice of Class Action Settlement ("Notice") and the Summary Notice of Class Action Settlement ("Summary Notice") for publication, attached hereto as Exhibits A-1 and A-2, respectively, and finds that the mailing and distribution of the Notice and publication of the Summary Notice substantially in the manner and form set forth in ¶ 9 of this Order meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

9.      The Court appoints RSM US LLP ("Claims Administrator") to supervise and administer the dissemination of notice and to process the claims as more fully set forth below:

(a)      Not later than [60 calendar days after entry of this Preliminary Approval Order] (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice,

substantially in the form attached hereto as Exhibit A-1, to be emailed and mailed by first-class mail to all Settlement Class Members that can be identified with reasonable effort. The Notice shall advise Settlement Class Members, among other things, that they should monitor the settlement website to be established for this matter, [www.xxxxxxx.com] (the "Settlement Website"), for additional information relating to the Settlement Agreement where the Claims Administrator shall post the Settlement Agreement, Notice, and Summary Notice;

Not later than [Month XX, 2020], the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A- 2, to be published once in [an industry publication to be determined and approved by the Court]; and

(b)     Not later than fourteen (14) days prior to the Fairness Hearing, Co-Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by declaration, of such mailing and publication.

10.     All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Notice Fund. In no event shall Defendants bear any responsibility for such fees, costs, or expenses, except as otherwise provided in the Settlement Agreement.

11.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

12.     The Court finds that the following proposed Plan of Distribution is sufficiently fair, reasonable, and adequate to disseminate notice to Settlement Class Members:

> The proceeds of the Net Settlement Fund will be distributed on a *pro rata* basis to Settlement Class Members that properly submit a claim form ("Authorized Claimants"), based on the dollar amounts of the claimants' purchases of IMDs from Defendants. Plaintiffs' Co-Lead Counsel anticipate using transactional data produced in the litigation to provide Settlement Class Members a proposed calculation of their IMD purchases

during the Settlement Class Period. Settlement Class Members will have the option of accepting this calculation, or alternatively providing their own calculation of purchases during the Settlement Class Period (with supporting documentation), which will then be subject to review by the Claims Administrator.

13.     Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If a Settlement Class Member does not enter an appearance, he, she, or it will be represented by Co-Lead Counsel.

14.     Any person or entity falling within the definition of the Settlement Class may request to be excluded from the Settlement Class ("Request for Exclusion"). A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative, state the name, address and phone number of that Person, and include: (a) proof of membership in the Settlement Class; and (b) a signed statement that "I/we hereby request that I/we be excluded from the proposed Class in the *In re Interior Molded Doors Antitrust Litigation*." The request must be emailed or mailed to the Claims Administrator at the addresses provided in the Notice and be postmarked no later than forty-five (45) days prior to the date set for the Fairness Hearing. A Request for Exclusion that (1) does not include all of the foregoing information, (2) does not contain the proper signature, (3) is sent to an address other than the one designated in the Notice, or (4) is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and be bound by the Settlement Agreement, if approved. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or Judgment.

15.      Co-Lead Counsel shall cause to be provided to Defendants' counsel a written list of all Persons who have submitted Requests for Exclusion within fourteen (14) days after the end of the Request for Exclusion period. Co-Lead Counsel shall cause to be provided to Defendants' counsel copies of any written revocations of Requests for Exclusion within thirty-one (31) days after the end of the Request for Exclusion period.

16.      Any Settlement Class Member may appear and show cause, if he, she, or it has any reason why the Settlement Agreement should not be approved as fair, reasonable, and adequate, why a Judgment should not be entered thereon, why the proposed Plan of Distribution should not be approved, why Named Plaintiffs should not be granted service awards for their representation of the Settlement Class in this Action, and why attorneys' fees and reimbursement of expenses should not be awarded to Co-Lead Counsel and other class counsel; provided, however, that no Settlement Class Member or any other person or entity shall be heard or entitled to contest any of the foregoing, unless: (a) written objections and copies of any papers and briefs are mailed to Co-Lead Counsel and Defendants' counsel identified in the Notice, postmarked no later than forty-five (45) days prior to the date set for the Fairness Hearing; and (b) copies of said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Eastern District of Virginia at the address set forth in the Notice, no later than forty-five (45) days prior to the date set for the Fairness Hearing. Any such written objections must include: (a) proof of membership in the Settlement Class; (b) the specific grounds for the objection(s) and any documents or writings, if any, that such person or entity desires the Court to consider: and (c) a statement of whether such person or entity desires to appear and be heard at the Fairness Hearing. Any person or entity that fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and will forever be barred from making any such objections in the Action.

17.     All funds held by the Escrow Agent (see paragraph 23 below) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, Plan of Distribution, and/or further order(s) of the Court.

18.     The application by Co-Lead Counsel for attorneys' fees and/or expenses, and the application by Named Plaintiffs for service awards, shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline set forth in ¶ 16. All other papers in support of final approval of the Settlement Agreement and Plan of Distribution, and any reply papers in opposition to objections to the application by Co-Lead Counsel for attorneys' fees and/or expenses, or the application by Named Plaintiffs for service awards, if any, shall be filed and served seven (7) calendar days prior to the Fairness Hearing.

19.     Neither Defendants nor any of the Releasees shall have any responsibility for or liability whatsoever with respect to: the notice procedures; the investment, administration, or distribution of the Settlement Fund; the Plan of Distribution; the determination, administration, calculation, or processing of claims; the Net Settlement Fund or any funds held by the Escrow Agent; the payment or withholding of taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Named Plaintiffs or Co-Lead Counsel; or, the allocation of any fee and expense award by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement Agreement.

20.     At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, Plan of Distribution, any requests for service awards by Named Plaintiffs, and any

application for attorneys' fees and reimbursement of expenses by Co-Lead Counsel, should be finally approved.

21.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement Agreement, or it otherwise fails to become effective, neither Named Plaintiffs nor any of its counsel shall have any obligation to repay any amounts actually and *bona fide* incurred or disbursed pursuant to paragraph 33 of the Settlement Agreement.

22.     Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

23.     Huntington National Bank is appointed to serve as Escrow Agent, and, absent further order of the Court, shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

24.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Settlement Class Members, and the Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. To the extent practicable, Co-Lead Counsel shall cause the Claims Administrator to promptly give notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the Settlement Website. The Court may approve the Settlement Agreement, with such modifications

as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

25.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement Agreement or comply with the terms thereof. Pending final determination of whether the Settlement Agreement should be approved, neither Named Plaintiffs, nor any Settlement Class Member, either directly, by representation, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims.

26.     If: (a) the Settlement Agreement is terminated by Defendants or Plaintiffs pursuant to Section H thereof; or (b) any specified condition to the Settlement Agreement is not satisfied and the Settlement is terminated as provided in the Settlement Agreement, then the Settlement Agreement, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

IT IS SO ORDERED.

DATED: _____, 2020        _____
                                    Hon. John A. Gibney
                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: INTERIOR MOLDED DOORS
ANTITRUST LITIGATION

Lead Civil Action No. 3:18-cv-00718-JAG

NOTICE OF CLASS ACTION SETTLEMENT

EXHIBIT A-1 TO [PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

**To: All persons and companies that, between October 19, 2014 and December 31, 2018, purchased interior molded door slabs or pre-hung interior molded doors (which will be referred to in this Notice as "Interior Molded Doors" or "IMDs") in the United States directly from JELD-WEN, Inc. ("JELD-WEN") or Masonite Corporation ("Masonite") (together, JELD-WEN and Masonite will sometimes be referred to in this Notice as "Defendants").**

> **PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT NOW PENDING IN FEDERAL DISTRICT COURT.  THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE SETTLEMENT FUND.**

**This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Eastern District of Virginia (the "Court").  It is not junk mail, an advertisement, or a solicitation from a lawyer.**

The purpose of this Notice is to inform you of a pending proposed class action lawsuit (the "Action") and of a Settlement of the Action with Defendants. The Action alleges that Defendants conspired to fix prices of Interior Molded Doors in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1. A Settlement has been reached with Defendants. To resolve all claims asserted against them, Defendants have agreed to pay $56,000,000 ($28,000,000 each) into a Settlement Fund. Defendants deny that they are liable on any of the claims asserted against them but have agreed to settle to avoid the cost and risk of a trial.

The following chart contains a summary of your rights and options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You are automatically part of the Action if you fit the Settlement Class description. *See* Question 5 below. However, if you do not submit a timely claim, you will not be paid from the Settlement. You will be bound by any past and future court rulings, including rulings on the Settlement. *See* Questions 6, 7, 8, 9, 14, and 28 below. |

1

| | |
|---|---|
| **REMAIN IN THE CLASS/SUBMIT A PROOF OF CLAIM FORM** | You may remain in the Settlement Class and be bound by the Settlement if it is approved. If you remain in the Settlement Class, you may be eligible to share in the Settlement Fund (defined below) subject to the conditions set forth below, if you complete and submit a Claim Form by the deadline to be set by the Court if it approves the Settlement and Plan of Distribution. *See* Questions 8, 9, 10, 11, and 13 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you wish to exclude yourself from the Settlement Class, you must submit a timely written request to do so by Month XX, 202_. **If you exclude yourself, you will not be bound by the Settlement if approved, and you will be ineligible to share in the Settlement Fund.** *See* Questions 14-18 below. |
| **OBJECT TO THE SETTLEMENT** | If you do not choose to exclude yourself from the Settlement Class, you may write to the Court explaining why you do not like one or more aspects of the Settlement. Written objections must be filed with the Court no later than Month XX, 202_. *See* Question 19 below. |
| **ATTEND THE FAIRNESS HEARING** | Ask to speak in Court about your opinion of the Settlement. *See* Questions 21, 25, 26, and 27 below. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own attorney at your own expense. *See* Questions 21, 25, 26, and 27 below. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made following a claims process if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is a class action?

A class action is a lawsuit in which a few representative plaintiffs (such as Grubb Lumber Co., Inc. ("Grubb") and Philadelphia Reserve Supply Company ("PRSCO"), the "Named Plaintiffs"

2

in this class action) bring a lawsuit on behalf of themselves and other similarly situated persons or entities (*i.e.*, the class) that have similar claims against the defendants. The Named Plaintiffs, the Court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are ***not*** individually responsible for the attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the Court judgment amount) and must be approved by the Court. If there is no recovery, the attorneys do not get paid.

When a class enters into a settlement with a defendant, such as this Settlement with JELD-WEN and Masonite, the Court will require that the members of the class be given notice of the settlement and an opportunity to be heard. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.        Why did I get this Notice?

You received this Notice because you requested it or records indicate that you may be a member of the Settlement Class. If you are a potential Settlement Class Member, you have important decisions to make, and you may be entitled to money as part of the Settlement. You are not being sued.

### 3.        What is this lawsuit about?

The Named Plaintiffs allege that Defendants conspired to fix prices of Interior Molded Doors, or IMDs, in the United States, in violation of the United States antitrust laws. IMDs are a type of interior door made by sandwiching a wood frame and a hollow or solid core between two doorskins composed of a high-density fibrous mat and formed into a raised panel design. For purposes of this Settlement, IMDs include slabs, which may be sold as a single slab or as "bifolds," as well as pre-hung doors, which consist of an IMD slab affixed to a door frame.

### 4.        Why is there a settlement?

Plaintiffs' Co-Lead Counsel (identified below in response to Question 19) have investigated the facts and law regarding the claims at issue in this litigation, as well as Defendants' potential defenses. After lengthy, detailed negotiations with counsel for Defendants to reach the Settlement, Co-Lead Counsel believe the Settlement is in the best interest of the Settlement Class and support its approval. In addition, the Named Plaintiffs, Grubb and PRSCO, also support approval of the Settlement.

Defendants deny the allegations against them and deny that they engaged in a conspiracy or did anything wrong. Nevertheless, they have agreed to settle this Action to avoid the cost of further litigation and trial.

## WHO GETS MONEY FROM THE SETTLEMENT?

### 5.      How do I know if I am a member of the Settlement Class?

In a Preliminary Approval Order, dated MONTH XX, 2020, the Court defined the Settlement Class as:

> All persons or entities that bought IMDs in the United States directly from either or both Defendants at any time from October 19, 2014 to December 31, 2018.

### 6.      Are there exceptions to being included in the Settlement Class?

Yes, those exceptions are as follows:

> Defendants, their parent companies, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

### 7.      I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator toll-free at xxx-xxx-xxxx or Co-Lead Counsel (identified below), or visit the Settlement Website (www._____.com) for more information.

## THE SETTLEMENT BENEFITS

### 8.      What does the Settlement provide?

JELD-WEN and Masonite have agreed to pay a total of $56,000,000 ($28,000,000 each), into a Settlement Fund. A portion of the Settlement Fund will be used to pay the costs associated with notifying potential members of the Settlement Class of the Settlement, including the costs of printing and mailing this Notice, the cost of publishing a Summary Notice, and the costs of claims administration.

The Settlement Fund, plus interest earned from the date it is established, less any Court-awarded costs, fees, and/or expenses (the "Net Settlement Fund"), will be divided among Settlement Class Members that (1) send in valid Claim Forms by a deadline the Court sets if it approves the Settlement, and (2) will be entitled to a distribution from the Net Settlement Fund. Settlement

Class Members that submit valid Claim Forms on time are referred to as "Authorized Claimants." Costs, fees, and/or expenses may include Court-approved attorneys' fees and expenses (a discussion of the attorneys' fee and expense application is below), taxes, and the costs of notice and administration.

### 9.     Will I get a payment?

If you are a Settlement Class Member, do not opt out of the Settlement Class, and submit a valid Claim Form electronically or post-marked by the Court-established deadline, then you will be an Authorized Claimant and will be entitled to a settlement payment.

### 10.     How much will my payment be and when will I receive it?

If the Court approves the Settlement and the proposed Plan of Distribution, the proceeds of the Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the dollar amounts of such claimants' purchases of IMDs from Defendants between October 19, 2014 and December 31, 2018  (the "Settlement Class Period"). Co-Lead Counsel anticipate using transactional data produced in the Action to provide Settlement Class Members a proposed calculation of their IMD purchases during the Settlement Class Period. Settlement Class Members will have the option of accepting this calculation, or alternatively providing their own calculation of purchases during the Settlement Class Period (with supporting documentation), which will then be subject to review by the Claims Administrator.

**Please keep all documentation related to your purchases of IMDs from Defendants during the Settlement Class Period, as it may be needed to substantiate your claim later. Having documentation may be important to submitting a successful claim.**

### REMAINING IN THE SETTLEMENT CLASS

### 11.     How do I remain in the Settlement Class and remain eligible for a payment?

If you qualify as a member of the Settlement Class, you will remain a Settlement Class Member unless you elect to be excluded. By staying in the Settlement Class, you will remain eligible to submit a Claim Form and receive money from the Net Settlement Fund. Claim Forms must be submitted electronically or post marked by a date to be set by the Court if it approves the Settlement.

### 12.     If I remain in the Settlement Class, what am I "releasing," or giving up?

If the Settlement is approved and becomes final, and if you remain in the Settlement Class, you will give up your right to individually sue JELD-WEN and/or Masonite for claims related to their alleged violations of the federal antitrust laws, as set forth in the Complaint. That means you cannot sue, continue to sue, or be part of any other lawsuit against JELD-WEN and/or

Masonite for the claims related to those asserted in this lawsuit. It also means that all of the Court's rulings will apply to you and legally bind you, whether favorable or unfavorable to the Settlement Class.

The above description of the claims you are giving up against Defendants is only a summary. **Unless you exclude yourself, you are "releasing" those claims regardless of whether you submit a Claim Form.** If you wish, you can review the entire Release language, including the definitions of terms such as "Releasees," "Releasors," and "Released Claims," in Paragraphs 12, 13, 29, and 30 of the Settlement Agreement, which may be obtained on the Settlement Website (www._____.com) or by contacting the Claims Administrator at the address or telephone number below.

**13.    What happens if the Settlement is not approved or is terminated?**

The Court may not approve the Settlement, or the Settlement may be terminated as outlined in the Settlement Agreement. If the Settlement is not approved or is terminated, the Action will proceed as if the Settlement Agreement had not been entered into.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement Class and do not want a payment from the Settlement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from or "opting out" of the Settlement Class.

**14.    What if I do not want to be in the Settlement Class?**

If you decide to exclude yourself from, or "opt out" of, the Settlement Class, you will be free to sue Defendants or any of the other Releasees on your own for the claims being resolved by the Settlement. However, you will not receive any money from the Settlement, and Co-Lead Counsel will no longer represent you with respect to the Settlement. If you want to receive money from the Settlement, do not exclude yourself.

**15.    How do I exclude myself from the Settlement Class?**

You can exclude yourself, or "opt out," by sending a written "Request for Exclusion" to the Claims Administrator, emailed or postmarked no later than Month XX, 2021. Your written request must be e-signed or hand signed by the person or entity requesting exclusion or his, her, or its authorized representative, state the name, address and phone number of that person or entity, and include a statement that "I/we [or the name of the entity] purchased IMDs from one or both Defendants during the period from October 19, 2014 to December 31, 2018, and I/we [or the name of the entity] request[s] that I/we [or the name of the entity] be excluded from the proposed Settlement Class in the *In re Interior Molded Doors Antitrust Litigation*."

6

The request must be mailed to the Claims Administrator at IMD Litigation, [address], or emailed to the Claims Administrator at [address]. A Request for Exclusion that (1) does not include all of the foregoing information, (2) does not contain the proper signature, (3) is sent to an address other than the one designated above, or (4) is not sent within the time specified, shall be invalid, and the person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment.

You cannot exclude yourself by telephone. You must do so by regular mail or email. If you ask to be excluded, you are not eligible to get any payment as a result of the Settlement, you cannot object to the Settlement, and you will not be legally bound by the Settlement if the Settlement is approved by the Court.

### 16.   If I do not exclude myself, can I sue Defendants and the other Releasees for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants and the other Releasees for the claims that the Settlement resolves, or for any claims against any of the Releasees relating to the issues in this Action.

### 17.   If I exclude myself, can I get money from the Settlement?

No.

### 18.   If I exclude myself from the Settlement, can I object to the Settlement?

No. If you exclude yourself, you are no longer a member of the Settlement Class and may not object to any aspect of the Settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19.   How do I tell the Court I don't like the Settlement?

If you are a Settlement Class Member and do not opt out, you can object to all or any part of the Settlement, including the proposed Plan of Distribution, as well as any request for attorneys' fees and/or expenses and/or any request for service awards for the Named Plaintiffs. You can explain the reasons for your objection, and the Court will consider your views.

Your objection must be in writing, state that you object to the Settlement in *In re Interior Molded Doors Antitrust Litigation*, Lead Civil Action No. 3:18-cv-00718-JAG, and include: (a) a notice of whether you intend to appear at the Fairness Hearing (your appearance is not necessary for the Court to consider your objection); (b) proof of membership in the Settlement Class (such as an invoice or purchase order showing that you purchased an Interior Molded Door directly from one of the Defendants during the Settlement Class Period) and (c) the specific grounds for the objection and any reasons you desire to appear and be heard, as well as all documents or writings you desire the Court to consider. In addition, your objection must be both: (a) filed with the Court at the address below no later Month XX, 2021; and (b) mailed to Co-Lead Counsel and Defendants' counsel at the addresses provided below and postmarked no later than Month XX, 2021. Any person or entity that fails to object in the manner set forth in this Notice shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objection to any aspect of the Settlement.

The addresses for filing and mailing objections are:

### *Court*:

Clerk of the Court
United States District Court for the Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

### *Plaintiffs' Co-Lead Counsel:*

| | |
|---|---|
| Michael J. Boni | Jeffrey J. Corrigan |
| BONI, ZACK & SNYDER LLC | SPECTOR ROSEMAN & KODROFF PC |
| 15 St. Asaphs Rd. | 2001 Market Street, Suite 3420 |
| Bala Cynwyd, PA 19004 | Philadelphia, PA 19103 |
| Tel: (610) 822-0200 | Tel: 215-496-0300 |

### *Defendants' Counsel:*

| | |
|---|---|
| **JELD-WEN's Counsel** | **Masonite's Counsel** |
| Craig S. Primis | Nathan P. Eimer |
| KIRKLAND & ELLIS LLP | EIMER STAHL |
| 1301 Pennsylvania Avenue N.W. | 224 S. Michigan Avenue, Suite 1100 |
| Washington, DC 20004 | Chicago, IL 60604 |
| Tel: (202) 389-5000 | Tel: (312) 660-7600 |

8

**20.    What is the difference between objecting and excluding myself from the Settlement?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement. Excluding yourself from a Settlement is telling the Court that you do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself from the Settlement, you have no right to object to the Settlement because it no longer affects you.

### THE LAWYERS REPRESENTING YOU

**21.    Do I have a lawyer in this case?**

The Court has appointed the firms listed above as Co-Lead Counsel to represent you and the Settlement Class in this case. Co-Lead Counsel will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund. You will not otherwise be charged for Co-Lead Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

**22.    How will the lawyers be paid?**

Co-Lead Counsel will request attorneys' fees for themselves and the other class counsel in the amount of up to a third of the Settlement Fund, and payment of the costs and expenses they have incurred in prosecuting the Action on behalf of the Settlement Class (not to exceed $5 million). The hearing on Co-Lead Counsel's request for attorneys' fees and payment of costs and expenses will take place at the Fairness Hearing, discussed below.

**23.    Service Awards for the Named Plaintiffs**

Co-Lead Counsel may also request awards to the Named Plaintiffs, Grubb and PRSCO, for their assistance in prosecuting the Action on behalf of the Settlement Class, in an amount not to exceed $_____ each. The hearing on the request for Named Plaintiffs' service awards will take place at the Fairness Hearing, discussed below.

**This is Only a Summary of the Request for Attorney's Fees, Payment of Costs and Expenses, and Service Awards to the Named Plaintiffs. The Motion in Support of These Requests Will be on File With the Court and Will be Available at the Settlement Website (www._____.com) by Month XX, 202_.**

### THE COURT'S FAIRNESS HEARING

9

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend, but you do not have to.

### 24. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing on Month XX, 2021, at _:__ _.m. Depending on the status of the COVID-19 pandemic, the Fairness Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Eastern District of Virginia, Courtroom ___, 701 East Broad Street, Richmond, VA 23219. **IF POSSIBLE, THE DECISION WHETHER THE FAIRNESS HEARING WILL TAKE PLACE VIRTUALLY OR IN PERSON WILL BE MADE NO LATER THAN [30 DAYS PRIOR TO THE HEARING DATE], AND WILL BE POSTED AT THE SETTLEMENT WEBSITE (www._____.com). IF THE FAIRNESS HEARING WILL BE HELD VIRTUALLY, THE SETTLEMENT WEBSITE WILL POST CONFERENCING INFORMATION.**

At this hearing, the Court will consider whether the Settlement, including the proposed Plan of Distribution, is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve Co-Lead Counsel's request for attorneys' fees and expenses, and service awards to the Named Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later. The Court's decision may be appealed.

You should be aware that the Court may change the date, time, and/or format (*i.e.*, virtually or in person) of the Fairness Hearing. Thus, if you want to attend and/or participate at the hearing, you should check either on the Settlement Website (www_____.com) or with Co-Lead Counsel beforehand to be sure that the date, time, and/or format has not changed.

### 25. Do I have to attend the Fairness Hearing?

No. Co-Lead Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you file an objection, you do not have to attend or participate at the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**26.  May I speak at the Fairness Hearing?**

Yes. Anyone can attend the Fairness Hearing and watch. If you want to appear at the Fairness Hearing and object, in person (or virtually if that is how the Fairness Hearing will be held) or through an attorney hired at your own expense, you need to file a written Notice of Intent to Appear with the Court, as well as mail it to the four addresses listed in Question 19. The Notice of Intent to Appear must be filed with the Court and postmarked by Month XX, 2021. Moreover, the Notice of Intent to Appear must contain the following information:

(a)  the name, address, telephone number, and email address of the Settlement Class Member and, if applicable, the name, address, and telephone number of the Settlement Class Member's attorney (who must file a Notice of Appearance with the Court);

(b)  the objection, including any supporting papers; and

(c)  the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

**27.  What if I do nothing?**

If you do nothing, you will remain a member of the Settlement Class, but you will get no money from the Settlement, unless you submit a Claim Form. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Releasees regarding the issues in this Action.

## GETTING MORE INFORMATION

**28.  How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a complete copy of the Settlement Agreement at the Settlement Website (www._____.com). You may also write to the Claims Administrator at the address in Question 15 or call the Claims Administrator at xxx-xxx-xxxx. If you did not receive this Notice in the mail from the Claims Administrator, you should contact the Claims Administrator, or go to the Settlement Website, and register to receive future information.

Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk of Court's office. The address is: United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219.

*Please do not contact the Court or the clerk's office regarding this Notice or for additional information.*

DATED: _____, 2020      BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS ANTITRUST LITIGATION | Lead Civil Action No. 3:18-cv-00718-JAG |

SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

EXHIBIT A-2 TO [PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING NOTICE

## ATTENTION PURCHASERS OF INTERIOR MOLDED DOORS

**If you purchased interior molded door slabs or pre-hung interior molded doors in the United States directly from JELD-WEN, Inc. or Masonite Corporation between October 19, 2014 and December 31, 2018, your legal rights may be affected, and you may be entitled to a cash payment from a proposed class action settlement.**

**What is the Settlement about?**

Plaintiffs allege that JELD-WEN, Inc. and Masonite Corporation (collectively "Defendants") conspired to fix prices of interior molded doors, or "IMDs," in the United States, in violation of the United States antitrust laws. IMDs are a type of interior door made by sandwiching a wood frame and a hollow or solid core between two doorskins. For purposes of this Settlement, IMDs include slabs, which may be sold as a single slab or as "bifolds," as well as pre-hung doors, which consist of an IMD slab affixed to a door frame. A Settlement has been reached with Defendants, which have agreed to pay $56,000,000 ($28,000,000 each) into a Settlement Fund. Defendants deny they are liable for any of the claims asserted against them but have agreed to settle to avoid the cost and risk of a trial.

A Notice of Class Action Settlement ("Notice") was mailed and/or emailed to direct purchasers of interior molded doors on or about _____, 2020. The Notice describes in more detail the options available to Settlement Class Members (described below), including regarding the proposed plan for distributing the settlement funds, and any request for attorneys' fees, expenses, or service awards to the Named Plaintiffs. If you did not receive the Notice, you may obtain a copy by visiting the Settlement Website, _____, or by calling the Claims Administrator toll-free at xxx-xxx-xxx.

**Who is a Settlement Class Member?**

The proposed settlement class (the "Settlement Class") consists of all persons or entities that purchased IMDs in the United States directly from either or both Defendants at any time

1

from October 19, 2014 to December 31, 2018. The only exceptions are if you are affiliated with either of the Defendants, a federal government entity, or an immediate relative of the Honorable John A. Gibney, Jr., the judge presiding over this litigation, or a member of his staff.

**Will I get a payment?**

If you are a Settlement Class Member and do not opt out of the Settlement Class, you will be eligible to submit a Claim Form, and if you timely submit a valid Claim Form, you will be eligible for payment. If the Court approves the Settlement, Plaintiffs' Co-Lead Counsel intend to ask the Court to distribute the settlement funds, after reduction for any court-approved attorneys' fees, expense reimbursements, or service awards, to claimants on a *pro rata* basis, *i.e.*, based on the dollar amounts of claimants' IMD purchases from Defendants. **Claim Forms will be distributed by mail or email to Settlement Class Members, but will also be available on the Settlement Website, _____,or by calling the Claims Administrator toll-free at xxx-xxx-xxxx. If the Court approves the Settlement, it will set a date by which Claim Forms must be completed and submitted electronically or post marked.**

**What are my rights?**

If you are a member of the Settlement Class and do not opt out, you will release certain legal rights and claims against Defendants and their various affiliates and representatives as detailed in the Notice and in the Settlement Agreement, both of which are available on the Settlement Website. If you do not want to take part in the Settlement, you have the right to exclude yourself, or "opt out." To opt out of the Settlement, you must do so by Month XX, 2021. Settlement Class Members that do not opt out of the Settlement also have the right to object to the Settlement, a request by the Named Plaintiffs for service awards related to their representation of the Settlement Class, and/or any request for attorneys' fees and expenses by

counsel for the Settlement Class. If you want to object, you must do so by Month XX, 2021. Information on how to opt out or file objections is contained in the Notice of Class Action Settlement and on the Settlement Website. You may also consult with your own attorney at your own expense for help.

**What and When is the Fairness Hearing?**

Successful class action settlements must be granted final court approval after what are called "Fairness Hearings." The Fairness Hearing here is scheduled on Month XX, 2021, at __:__ _.m. Depending on the status of the COVID-19 pandemic, the Fairness Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Eastern District of Virginia, Courtroom __, 701 East Broad Street, Richmond, VA 23219. If possible, the decision whether the Fairness Hearing will take place virtually or in person will be made no later than [30 days prior to the hearing date], and will be posted on the Settlement Website. If the Fairness Hearing will be held virtually, the Settlement Website will post conferencing information.

The date and location for the Fairness Hearing may be changed without further notice to the Settlement Class, although information concerning any such changes shall be posted on the Settlement Website if possible. You may appear at the hearing, but your attendance is not required.

**This is a summary; where can I get more information?**

You can get additional information concerning the Settlement, including a copy of the Notice and the Settlement Agreement, by visiting the Settlement Website, calling the Claims Administrator toll-free at xxx-xxx-xxxx, or writing to the Claims Administrator at:

IMD Antitrust Litigation
c/o [address]

*Please do not contact the Court or the clerk's office regarding this Summary Notice or for additional information.*