IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: INTERIOR MOLDED DOORS ANTITRUST LITIGATION | Lead Civil Action No. 3:18-cv-00718-JAG |

## FINAL APPROVAL ORDER AND JUDGMENT

Direct Purchaser Plaintiffs ("Plaintiffs"), individually and on behalf of members of the Settlement Class (defined in Paragraph 6 herein), and JELD-WEN, Inc. ("JELD-WEN") and Masonite Corporation ("Masonite") (collectively, "Defendants") entered into a Settlement Agreement dated August 31, 2020 (the "Settlement Agreement") to fully and finally resolve the Settlement Class's claims (the "Settlement"). On September 14, 2020, Plaintiffs moved the Court for an order preliminarily approving the Settlement, authorizing Plaintiffs to disseminate notice to potential members of the Settlement Class, and scheduling a hearing to determine whether the Settlement is fair, reasonable, and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e). On October 8, 2020, the Court held a hearing on the motion, during which the Court stated it would preliminarily approve the Original Settlement and scheduled a Fairness Hearing for March 16, 2021. Subsequently, Plaintiffs and Defendants entered into a Revised Settlement Agreement dated January 27, 2021 (the "Revised Settlement Agreement"), to fully and finally resolve the Settlement Class's claims (the "Revised Settlement"). On January 29, 2021, Plaintiffs moved the Court for an order preliminarily approving the Revised Settlement, authorizing Plaintiffs to disseminate notice to potential members of the Settlement Class, and scheduling a hearing to determine whether the Revised Settlement is fair, reasonable, and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e). By order entered February 5, 2021 (the "Preliminary Approval Order"), the Court granted preliminary approval of the Revised Settlement,

certified the Settlement Class solely for the purpose of sending notice of the Revised Settlement, and authorized Plaintiffs to disseminate notice of the Revised Settlement, the fairness hearing, and related matters. Notice has been provided to potential members of the Settlement Class and the appropriate governmental entities under the Class Action Fairness Act pursuant to the Preliminary Approval Order. The Court held a hearing on the fairness of the Revised Settlement on June 2, 2021.

The Court has considered the Revised Settlement Agreement, Plaintiffs' Motion for Final Approval of the Proposed Settlement, the arguments presented at the fairness hearing, and the entire record in this matter.

**AND NOW**, this 3 day of June, 2021, it is hereby **ORDERED** that:

1. The Court has jurisdiction over the subject matter of this Action.

2. Terms capitalized in this Final Approval Order and Judgment ("Final Approval Order") and not otherwise defined differently herein have the same meanings as they have in the Revised Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide potential members of the Settlement Class with notice of the Revised Settlement, the fairness hearing, and related matters. Individual notice by first-class regular U.S. Mail, and by email when email addresses were available, was sent to potential members of the Settlement Class who could be identified through reasonable efforts, a summary notice was published once in *LBM Journal*, and the mailed and summary notices were posted on the Internet on a website dedicated to this litigation. Proof that mailing, publication, and posting have conformed with the Preliminary Approval Order has been filed with the Court. Due and adequate

notice has been provided to potential members of the Settlement Class in compliance with Fed. R. Civ. P. 23 and the requirements of due process.

4. The Revised Settlement was entered into by Plaintiffs and Defendants in good faith following an extensive investigation of the facts and substantial discovery sufficient for experienced Plaintiffs' counsel to evaluate the matter. It resulted from vigorous arm's-length negotiations undertaken by counsel with significant experience litigating antitrust class actions.

5. Final approval of the Revised Settlement is hereby granted pursuant to Fed. R Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class Members. In reaching this conclusion, the Court considered the: (a) value of the Revised Settlement to the Settlement Class; (b) posture of the case at the time the Revised Settlement was proposed; (c) extent of discovery that had been conducted; (d) circumstances surrounding the negotiations; (e) experience of Co-Lead Counsel in antitrust class action litigation; (f) relative strength of Plaintiffs' case on the merits; (g) the risks presented by Defendants' impending summary judgment and *Daubert* motions; (h) existence of any difficulties of proof or strong defenses the Plaintiffs were likely to encounter if the case went to trial; (i) anticipated duration and expense of additional litigation; and (j) degree of opposition to the Revised Settlement.

6. The Settlement Class conditionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for the sole purposes of the Revised Settlement, and is comprised of all persons or entities that Purchased IMDs in the United States from and including October 19, 2014, to and including December 31, 2018 directly from either Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, federal governmental entities and

instrumentalities of the federal government, and any judicial officer presiding over the Action and any member of his or her immediate family and judicial staff.

7. The Action is dismissed in its entirety with prejudice and without costs (except as provided for in the Revised Settlement Agreement).

8. Plaintiffs and all members of the Settlement Class who have not timely excluded themselves from the Settlement Class (including all of their current and former, direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, and shareholders; all respective current and former officers, directors, principals, partners, members, heirs, attorneys, representatives, agents, and employees of each of the foregoing entities; and assignees of any claim that is subject to release) (collectively, "Releasors") are permanently barred and enjoined from prosecuting against Defendants (and all of their respective current and former, direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, and shareholders; and all respective current and former officers, directors, principals, partners, members, heirs, attorneys, representatives, agents, and employees of each of the foregoing entities) (collectively, "Releasees") any and all causes of action asserted or that could have been or could still be alleged or asserted, including without limitation claims, demands, actions, suits, injuries, causes of action, damages, judgments, losses, and rights of action of any nature, whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), including without limitation costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against Releasees (or any of them), whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or

unasserted, whether in law or equity or otherwise, in whole or in part or arising out of or relating in any way to any conduct, act, or omission of Releasees (or any of them) prior to and including February 5, 2021, based upon any of the facts, occurrences, transactions, agreements, conspiracies, communications, announcements, notices, or other matters alleged in the Action, under the Sherman Act, 15 U.S.C. § 1, et seq., or any other antitrust, unjust enrichment, unfair competition, unfair practices, trade practices, price discrimination, unitary pricing, racketeering, contract, civil conspiracy or consumer protection law, whether under federal, state, local or foreign law, or any facts, circumstances, acts or omissions arising out of or related to the allegations, including without limitation in any other complaints filed in this Action or any related actions (the "Released Claims"); provided, however, that nothing herein shall release: (a) any claims based upon indirect purchases of IMDs brought by prospective members of any class of indirect purchasers (the "Indirect Purchaser Class"); or (b) claims arising in the ordinary course of business for any product defect, breach of contract, product performance, or warranty claims relating to IMDs.

        9.      Releasors have expressly waived and released any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> <u>Certain claims not affected by general release.</u> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those the Releasor knows or believes to be true with respect to the claims that are released pursuant to provisions of Paragraph 8 of this Final Judgment Order, but each Releasor has expressly waived and fully, finally, and forever

settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 8 of this Final Judgment Order, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

10. Pursuant to Paragraph 37 of the Revised Settlement Agreement, Plaintiffs and the Defendants have agreed that the Opt-Out Percentage is 0%. Accordingly, each Defendant's total cash payment under the Revised Settlement Agreement remains $61,600,000. Each Defendant will deposit $30,750,000 (i.e., the Settlement Amount less the $50,000 each Defendant previously deposited for the Notice Fund) into the Escrow Account established in the Court's preliminary approval order not later than ten (10) business days after the entry of this Final Approval Order. That account is, and remains, a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

11. Neither the Revised Settlement Agreement, nor any act performed or document executed pursuant to the Revised Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction.

12. The Court approves the Plan of Distribution, the details of which are contained in section VII of Plaintiffs' Memorandum of Law in support of the Final Approval Motion, as a fair, reasonable, and adequate method of allocating the monies in the Net Settlement Fund, and hereby orders Plaintiffs to implement the Plan of Distribution as described therein.

13. Without affecting the finality of this Final Approval Order, the Court retains exclusive jurisdiction over: (a) the Final Approval Order; (b) the Revised Settlement and Revised Settlement Agreement, including its administration, implementation, and enforcement; and (c) any application for disbursement of the Settlement Fund made by Co-Lead Counsel.

14. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Defendants.

IT IS SO ORDERED.

DATED: 3 June, 2021

/s/ 
John A. Gibney, Jr.
United States District Judge

Hon. John A. Gibney
United States District Judge